N. Douglas Grimwood, No. 003414
Helen Perry Grimwood, No. 006355
The Grimwood Law Firm plc
301 East Bethany Home Road
Suite A-205
Phoenix, Arizona 85012-1269
(602) 265-4995
ndg@grimwoodlaw.com
hpg@grimwoodlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grace Braden, through her mother and next friend Heidi Doyle; Heidi Doyle, in her own capacity and as next friend of Grace Braden,<br><br>    Plaintiffs,<br><br>v.<br><br>US Airways, Inc. Health Benefit Plan, f/k/a America West Airlines Holding Corporation Employees' Health Care Plan; US Airways, Inc.,<br><br>    Defendants. | Cause No.<br><br>**COMPLAINT** |

COME NOW, Plaintiffs and state for their Complaint as follows:

**JURISDICTION AND VENUE**

1.  At all times relevant to this proceeding Plaintiff Heidi Doyle ("Heidi") was married to Michael Doyle, and Michael Doyle was an employee of Defendant US Airways. During the term of the marriage, as the spouse of Michael Doyle, Heidi was a covered beneficiary under Michael Doyle's family coverage in Defendant US Airways, Inc. Health Benefit Plan, f/k/a America West Airlines Holding Corporation Employees' Health Care Plan ("Plan"). On information and belief, Defendant US Airways, Inc. is the

1

Plan Administrator of the Plan, and the proper agent for service of process on the Plan. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), §§ 1132(a)(11)(B) and 1132(c).

2. On August 28, 2009, during the term of the marriage of Michael Doyle and Plaintiff Heidi Doyle, a baby was born to Plaintiff Heidi Doyle. The baby was Plaintiff Grace Braden ("Grace").

## COUNT ONE

## CLAIM FOR BENEFITS

3. Plaintiff Grace was born six (6) weeks premature. She had significant post-partum medical problems, incurring medical expenses in excess of $60,000.

4. Between August 28, 2009 and November 9, 2009, Defendant Plan paid over $60,000 in medical bills for Plaintiff Grace's care.

5. Plaintiff Grace is the natural child of Plaintiff Heidi, and was born during the marriage of Plaintiff Heidi and Michael Doyle.

6. The terms of Defendant Plan provide for the coverage of all "natural children" of participants. All children born to a participant's marriage are the "natural children" of the participant until there is a judicial determination to the contrary. No judicial determination has ever been made to establish that Michael Doyle is not the father of Plaintiff Grace.

7. The terms of Defendant Plan provide that it covers "children for whom you or your spouse are a legal guardian." At the time of her birth, Plaintiff Heidi was the legal guardian of Plaintiff Grace. Plaintiff Grace was also entitled to coverage under the Plan due to Plaintiff Heidi's status as her guardian.

8. On or about August 9, 2009, Michael Doyle contacted the Plan to advise them of the impending birth of a child to his wife Heidi, and that he wanted the child covered under the Plan.

9. On or about November 9, 2009, Michael Doyle contacted the Plan to state that he did not believe that Plaintiff Grace was his child, and that he did not want her included in coverage under the Plan. The Plan provides that participants can make changes in status of dependents only effective in the following Plan Year.

10. The Plan provides as follows:

> "Notification time frame in which an employee can advise the Plan that they want to add a newborn child … to applicable self funded medical plan is within 30 days of the birth event. However, if the employee already has family coverage in place as of the newborn birth date, the timeline for notification of the addition of the newborn is extended from 30 days to the last day of the Annual Enrollment Period following the newborn birth date." [p. 21 of Summary Plan Description].

11. The Plan does not set forth the dates of the Annual Enrollment Period.

12. On March 5, 2010, Michael Doyle contacted the Plan to have Plaintiff Grace added to his coverage. On information and belief, Michael Doyle's request was made during the Annual Enrollment Period. Mr. Doyle's request was denied because it was not made during the 30 days following Grace's birth.

13. Defendant Plan contacted Plaintiff Grace's health care providers and required them to reimburse the $60,000 in benefits which they had paid. Defendant Plan did so based on the erroneous assumption that Mr. Doyle had not enrolled Plaintiff Grace in the Plan. In fact, Mr. Doyle had attempted to do so, only to be told it was "too late" as such enrollments could only take place during the first 30 days following birth. In fact, Mr. Doyle had until the end of the 2010 Annual Enrollment Period to make such an election with coverage retroactive to Plaintiff Grace's birth.

14. The Plan's refusal to honor Mr. Doyle's request of March 5, 2010, to enroll Grace was arbitrary, capricious and an abuse of discretion because Mr. Doyle had until the end of the 2010 Annual Enrollment Period to enroll Grace, and the Plan refused to

permit him to do so.

WHEREFORE, Plaintiffs Grace Braden and Heidi Doyle request the following relief from Defendant Plan:

    A.    That Plaintiffs' claims previously submitted by Plaintiffs, paid by Defendant Plan, rescinded by Defendant Plan, be ordered paid by Defendant Plan;

    B.    That any additional medical expenses incurred by Plaintiffs after the birth of Grace and before Plaintiffs' coverage under another Plan, be paid by Defendant Plan pursuant to 29 U.S.C. § 1132(a)(1)(B);

    C.    That Plaintiffs be awarded their attorneys' fees pursuant to 29 U.S.C. § 1132(g);

    D.    That Plaintiffs be awarded interest on the amounts due pursuant to A.R.S. § 44-1201(A); and

    E.    Such other relief as this Court deems just.

## COUNT TWO

## ASSESSMENTS FOR ERISA VIOLATIONS

15. Plaintiffs hereby incorporate paragraphs 1-14 herein by reference.

16. In March 2010, Plaintiff Heidi learned that the Plan had rescinded coverage of Plaintiff Grace and had demanded repayment from the health care providers who had been previously paid by the Plan. No notice of the basis of the retroactive denial of these benefits was provided to Plaintiffs. None of the review procedures required by ERISA for this decision were offered to Plaintiffs.

17. On March 24, 2010, Plaintiff Heidi sent an email to Nancy Rudbeck, Benefits Supervisor for Defendant US Airways, the Plan Administrator of Defendant Plan. Plaintiff Heidi requested several items, including the Plan document and the Summary Plan Description ("SPD") for Defendant Plan. The SPD was sent to Plaintiff

Heidi and was received on April 5, 2010, 12 days after the written request.

18. A copy of the Plan itself was not received by Plaintiffs until July 13, 2010, some 111 days after Defendant Plan Administrator's receipt of the written request. Receipt of the Plan was 81 days late, far in excess of the time permitted under ERISA, 29 U.S.C. § 1132(c)(1)(A).

19. In the same March 24, 2010 letter, Plaintiff Heidi requested an explanation for the "… dates, documentation and reasoning when US Airways decided to reverse the claims which had been previously paid." Such an explanation is required for each denial of benefits. Plaintiffs were entitled to such an explanation within thirty (30) days of the Plan's receipt of the claims. 29 C.F.R. § 2560.503-1(f) and (g). Defendant Plan made its decision to rescind the payment of those claims on November 9, 2009, after talking to Michael Doyle, the participant. Defendant Plan provided its first written explanation of the denial on July 13, 2010, some 246 days after its decision to revoke, and 216 days late under ERISA regulations.

20. On May 11, 2010, an attorney for Plaintiff Heidi wrote Defendant Plan requesting a written notification of the reasons for the denial of Grace's benefits, and citing the appropriate ERISA requirements for such notification. This explanation must detail the specific reason for the denial; specific reference to plan provisions; a description of additional material; and appeal rights. The letter pointed out that a detailed explanation of the reasons for denial are essential to a "full and fair review" of the claim as required by ERISA.

21. The May 11, 2010 letter also requested a copy of the IRS Form 5500 for the Plan. This form is a document by which the Plan is operated or administered, and must be provided within 30 days of receipt of a written request. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(m). The request for the document was received by the Plan on May 18, 2010. The document was provided by the Plan Administrator on July 13, 2010. This was

56 days after the Plan's receipt of the written request, and 26 days later than permitted under ERISA.

22. On May 28, 2010, the Plan Administrator responded through its attorney that it was treating the May 11, 2010 letter as an appeal, and would respond within sixty (60) days. It also said that "a copy would be provided to you under separate cover as soon as a duplicate of the file is available for delivery." The copy of the administrative file was provided on July 13, 2010, 46 days after the request.

23. On June 8, 2010, counsel for Plaintiff Heidi repeated the request for the denial document required by ERISA, so that Plaintiffs could assess their position and take appropriate action. The letter again pointed out that no "full and fair review' is possible without that document. Without the specifications of the reasons for the denial, Plaintiffs were "shooting in the dark" in processing their appeal.

24. By letter of June 15, 2010, counsel for Plaintiffs repeated the request for the Plan document previously made by Plaintiff Heidi, and the request for the IRS Form 5500.

25. On July 13, 2010, Defendant Plan Administrator provided a copy of the Plan, the Summary Plan Description, and the IRS Form 5500, together with a copy of the administrative file. The letter also contained the **first** explanation of the reason that Plaintiff Grace's claims had been denied. At the conclusion of the letter, the Plan Administrator stated:

> "This Determination represents exhaustion of the administrative remedies available to [Grace] under the Plan. The Plan will not contemplate additional review of the subject claims detailed in the attached Determination."

26. Defendant's consistent disregard of ERISA regulations in failing to provide notices and documents necessary to the participant to participate in a full and fair review of the claim fully justifies the maximum assessment of $110 per day for each violation.

6

WHEREFORE, Plaintiffs request the following relief:

    A. An assessment of $110 per day for each day in excess of thirty (30) days which it took the Plan Administrator to provide a copy of the Plan document after receiving a written request for that document;

    B. An assessment of $110 per day for each day in excess of thirty (30) days which it took the Plan Administrator to provide the IRS Form 5500 for the Plan after receiving a written request from Plaintiffs' authorized representative;

    C. Attorneys' fees pursuant to ERISA, 29 U.S.C. § 1132(g); and

    D. Such other relief as this Court deems just.

DATED this 24th day of August 2010.

                        THE GRIMWOOD LAW FIRM plc

                        By /s/ N. Douglas Grimwood
                            N. Douglas Grimwood
                            Helen Perry Grimwood
                            301 East Bethany Home Road
                            Suite A-205
                            Phoenix, Arizona 85012-1269
                            (602) 265-4995

                            Attorneys for Plaintiff